STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
June 27, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SWVA, INC.,**
**Employer Below, Petitioner**

**vs.)  No. 13-0391** (BOR Appeal No. 2047703)
(Claim No. 2012014953)

**JOHNNY RAY MCKENZIE,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner SWVA, Inc., by Steven K. Wellman, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated March 22, 2013, in which the Board affirmed a September 11, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's November 4, 2011, decision which rejected the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. McKenzie, a crane operator, alleges he was injured in the course of his employment while repetitively using a shovel and pry bar on October 23, 2011. He testified in a deposition on February 27, 2012, that he reported the injury to his supervisor the next day. He stated that he was unaware he was injured until he awoke the following day. He was treated at Family Urgent Care three days later and diagnosed with a lumbar sprain/strain and sacroiliac joint dysfunction. He was released to return to work on light duty for a week and on full duty thereafter. He missed no work for this injury. The claims administrator rejected Mr. McKenzie's application for benefits on November 4, 2011.

1

The Office of Judges reversed the claims administrator's decision in its September 11, 2012, Order. It found that the claim was compensable for a lumbosacral sprain/strain, resolved, with no lost time. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its March 22, 2013, decision.

We agree with the decision of the Board of Review. Mr. McKenzie reported to his supervisor that he injured his back the day after the activities causing the injury occurred. He was treated by a physician three days later where he reported that he injured his back at work while repetitively chaining and climbing with heavy equipment. Mr. McKenzie testified that he could not recall a specific injurious event but rather that his lower back sprain/strain occurred as the result of repetitive lifting, shoveling, and pulling. This Court has held that an employee who is injured gradually by reason of his or her duties of employment, and eventually becomes disabled, is no less the recipient of a personal injury than one who suffers a single isolated event. *Lilly v. State Workmen's Comp. Comm'r*, 159 W.Va. 631, 225 S.E.2d 214 (1976). Mr. McKenzie has met his burden of proof to establish that he sustained a lumbar sprain/strain in the course of his employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 27, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2